Rossell, J.
— Every record ought to be complete in itself; and I do not see how the time when this action was instituted could be come at, if another action should be brought for the same causé.
Pennington, J.
— There are two points raised by this record, that I am not satisfied, are clearly in favor of the defendant in certiorari. First, the date of the proceeding and judgment, appears to me not only to be required by the act, to be entered on the record, but the not entering of it appears to me to be an injury to the defendant below, who brings this certiorari. Supposing it should be necessary to plead this judgment in bar of another action, the time of obtaining it would certainly be material, and it would be too loose to depend for that on the summons. The [*] process in a cause is seldom filed, the entry in the justice's docket is considered as the record.
2d. To attack and strike with a club, with violence, the horse before a carriage, in which a person is riding, strikes me as an assault on the person; and if so, the justice had no jurisdiction of the action.
But if this is to be considered as a trespass on property, unconnected with an assault on the person, I think it was incumbent on the plaintiff below, to state an injury done to the horse, whereby the plaintiff suffered damage; that he was, in consequence of the blow, bruised or wounded, and unable to perform service; or that the plaintiff had been put to expense in curing of him, or the like. All the precedents of declarations for injuries done to domestic animals, as far as my recollection goes, are in that way; and I think witli good reason. Suppose a man, seeing a stranger's horse in the street, was to strike him with a whip, or a large stick, if you please, and no injury was to ensue, could the owner of the horse maintain an action for this act? I apprehend not. For these reasons, I incline to think, that this judgment ought to be reversed.
Kirkpatrick, C. J. — Concurred in the reversal.
Judgment reversed.